22-16897

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**ARNOLD ABRERA,**

Plaintiff and Appellant,

**v.**

**GAVIN NEWSOM, et al.,**

Defendants and Appellees.

---

On Appeal from the United States District Court
for the Eastern District of California

No. 2:22-cv-01162-JAM-DB
The Honorable John A. Mendez, Judge

**APPELLEES-DEFENDANTS GAVIN
NEWSOM AND ROB BONTA'S ANSWERING
BRIEF(PRELIMINARY INJUNCTION
APPEAL – NINTH CIRCUIT RULE 3-3)**

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney
General

ANTHONY P. O'BRIEN
Deputy Attorney General
State Bar No. 232650
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6002
 Fax: (916) 324-8835
 Email:  Anthony.OBrien@doj.ca.gov
*Attorneys for Defendants and Appellees*
*Gavin Newsom, in his official capacity*
*as Governor of California, and Rob*
*Bonta, in his official capacity as*
*Attorney General of California*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................ 1

JURISDICTIONAL STATEMENT ................................................... 2

ISSUE PRESENTED .......................................................................... 2

STATEMENT OF THE CASE ........................................................... 3

    I.     Senate Bill 1327 ....................................................................... 3

    II.    Procedural Background ........................................................... 4

        A.    The Initial and First Amended Complaint ...................... 4

        B.    State Defendants' Commitment Not to Seek Fees or Costs From Plaintiff Under SB 1327's Fee-Shifting Provision and the Motion for Preliminary Injunction ....................................................................... 5

        C.    District Court's Order Denying the Motion for Preliminary Injunction ................................................... 7

STANDARD OF REVIEW ................................................................ 8

SUMMARY OF THE ARGUMENT ................................................. 8

ARGUMENT ..................................................................................... 10

    I.     The District Court Properly Denied the Motion for a Preliminary Injunction ......................................................... 10

        A.    Plaintiff Lacks Article III Standing .............................. 10

        B.    Plaintiff Cannot Satisfy the Requirements to Obtain a Preliminary Injunction .................................. 17

CONCLUSION .................................................................................. 20

STATEMENT OF RELATED CASES ....................................................... 21

CERTIFICATE OF COMPLIANCE ........................................................... 22

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Abrera v. Newsom*
  E.D. Cal. Case No. 2:22-cv-01162-JAM-DB, Minute Order
  (Jan. 24, 2023) ......................................................................... 13

*California v. Azar*
  950 F.3d 1067 (9th Cir. 2020) .................................................8

*Caribbean Marine Servs. Co., Inc. v. Baldrige*
  844 F.2d 668 (9th Cir. 1988) .................................................. 18

*City of Elk Grove v. Euginie Abrera*
  Super. Ct., Sacramento County, Case No. 34-2021-
  20000745 ..................................................................................5

*Clapper v. Amnesty Int'l USA*
  568 U.S. 398 (2013)......................................................... 12, 13

*Coons v. Lew*
  762 F.3d 891 (9th Cir. 2014) .................................................. 12

*De Beers Consol. Mines, Ltd. v. United States*
  325 U.S. 212 (1945)................................................................ 16

*Defense Distributed v. Bonta*
  No. 22 CV 6200, Dkt. 19 (C.D. Cal. Oct. 24, 2022) .................6

*Defense Distributed v. Bonta*
  No. CV 22-6200-GW-AGRx, 2022 WL 15524977 (C.D.
  Cal. Oct. 21, 2022).................................................................. 18

*Defense Distributed v. Bonta*
  No. CV 22-6200-GW-AGRx, 2022 WL 15524983 (C.D.
  Cal. Oct. 24, 2022).................................................................. 18

# TABLE OF AUTHORITIES
## (continued)

Page

*Enyart v. Nat'l Conf. of Bar Examiners, Inc*.
 630 F.3d 1153 (9th Cir. 2011) ................................................................ 17

*Helfand v. Gerson*
 105 F.3d 530 (9th Cir. 1997) ................................................................ 12

*Johnson v. Stuart*
 702 F.2d 193 (9th Cir. 2010) ................................................................ 11

*L.A. Memorial Coliseum Commission v. National Football
 League*
 634 F.2d 1197 (1980) ................................................................ 8

*Laird v. Tatum*
 408 U.S. 1 (1972) ................................................................ 12, 14

*Lopez v. Candaele*
 630 F.3d 775 (9th Cir. 2010) ................................................................ 10, 11

*Lujan v. Defenders of Wildlife*
 504 U.S. 555 (1992) ................................................................ 10

*Miller v. Bonta*
 No. 22-cv-1446-BEN (JLB), --- F. Supp. 3d. ---- (S.D. Cal.
 Dec. 1, 2022) ................................................................ 16

*Miller v. Bonta*
 No. 22-cv-1446-BEN (JLB), --- F. Supp. 3d. ---- (S.D. Cal.
 Dec. 19, 2022) ................................................................ 13, 16

*New Hampshire v. Maine*
 532 U.S. 742 (2001) ................................................................ 12

*People v. Abrera*
 Super. Ct. Sacramento County, Case No. 21FE004857 ................................ 5

iii

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Renna v. Bonta*
No. 20-cv-2190, Dkt. 57 (S.D. Cal. Sept. 28, 2022) ..................................6

*Rupp v. Bonta*
No. 8:17-cv-00746, Dkt. 130 (S.D. Cal. Oct. 21, 2022) ...........................6

*Whole Women's Health v. Jackson*
142 S. Ct. 522 (2021)...............................................................................1

*Winter v. Natural Res. Def. Council*
555 U.S. 7 (2008).................................................................................. 17

**STATUTES**

United States Code, Title 28
§ 1292(a)(1) ..........................................................................................2
§ 1331 ....................................................................................................2

California Code of Civil Procedure
§ 1021.11 ......................................................................................*passim*
§ 1021.11(a)...........................................................................................3
§ 1021.11(b)...........................................................................................4
§ 1021.11(b)(1) § 2 ............................................................................. 19
§ 1021.11(c)...........................................................................................3
§ 1021.11(e)...........................................................................................4

**CONSTITUTIONAL PROVISIONS**

United States Constitution, Article IV
§ 2, cl. 1.................................................................................................4

**OTHER AUTHORITIES**

SB 1327 (2021-2022 Reg. Sess.)....................................................................3

**INTRODUCTION**

California's Senate Bill (SB) 1327 (2021-22 Reg. Sess.) is modeled after Texas's SB 8.  Both laws have two principal components:  a provision that affords a mechanism for private parties to enforce certain laws and a fee-shifting mechanism that would make plaintiffs seeking injunctive or declaratory relief liable for attorneys' fees and costs in specified circumstances.  Both SB 8 and SB 1327 have prompted several lawsuits, including constitutional challenges to the fee-shifting mechanism, such as those the Plaintiff brings in this case.  Some of those disputes have raised substantial and difficult constitutional questions, including in a case that reached the Supreme Court and produced a divided 5-4 decision.  *Whole Women's Health v. Jackson*, 142 S. Ct. 522 (2021).

This appeal does not present such a difficult question or require a substantive analysis of the challenged fee-shifting provision of SB 1327. Instead, it presents a straightforward question about an uncomplicated set of facts:  in light of the State Defendants' unconditional pledge not to use the fee-shifting mechanism in SB 1327 to seek fees or costs from the Plaintiff or any of his attorneys, did the district court properly deny preliminary injunctive relief?  Under well-established standing principles and standards governing preliminary injunctions, the answer to that question presented is

1

plainly "yes." Because Plaintiff faces no threat of injury stemming from potential enforcement of the fee-shifting mechanism in SB 1327, he cannot make the clear showing of injury necessary to warrant Article III standing. Nor can he show that he is likely to suffer irreparable harm absent an injunction, nor demonstrate the equitable considerations tip in his favor, nor demonstrate that an injunction would be in the public interest. For each of these independent reasons, the district court's order denying the preliminary injunction motion should be affirmed.

## JURISDICTIONAL STATEMENT

The district court had federal question subject matter jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction over this interlocutory appeal of the district court's order denying a motion for preliminary injunction. *See* 28 U.S.C. § 1292(a)(1). The district court entered its order on December 9, 2022. Excerpts of Record (ER)-3-10. Plaintiff timely appealed that same day. ER-156.

## ISSUE PRESENTED

Did the district court properly deny the motion for a preliminary injunction barring the State Defendants from requesting fees or costs under California Code of Civil Procedure section 1021.11, given the State

Defendants' commitment not to seek fees or costs from Plaintiff under that statute?

## STATEMENT OF THE CASE

### I.   SENATE BILL 1327

Senate Bill (SB) 1327 was signed into law by Governor Newsom on July 22, 2022, and took effect on January 1, 2023.  *See* SB 1327 (2021-2022 Reg. Sess.).  While the bill has other provisions, Plaintiff sought a preliminary injunction only as to a fee-shifting provision—codified in California Code of Civil Procedure § 1021.11—which provides that "any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorneys' fees and costs of the prevailing party."  SB 1327, § 2 (Cal. Code Civ. Proc. § 1021.11(a)). Under that fee-shifting provision, prevailing parties may seek costs and fees within three years of the date when the dismissal or denial of a claim becomes final on appellate review or when the time for seeking appellate review expires.  Cal. Code Civ. Proc. § 1021.11(c).  A party is a "prevailing

3

party" if the court dismisses any claim or enters judgment in favor of the party opposing the declaratory or injunctive relief. *Id.* § 1021.11(b). Only defendants may be deemed a prevailing party. *Id*. § 1021.11(e).

## II. PROCEDURAL BACKGROUND

### A. The Initial and First Amended Complaint

Plaintiff filed this action in July 2022, alleging that Defendants violated his Second Amendment rights when the Elk Grove Police Department seized firearms in his home in connection with a mental health hold, and then retained two of the seized firearms upon discovery that they were illegal assault weapons and unregistered. Supplemental Excerpts of Record (SER)-18, 21, 26-29, 48-56.

Plaintiff filed a First Amended and Supplemental Complaint in September 2022. ER-39-150. In the amended complaint, Plaintiff added causes of action challenging the fee-shifting provision of SB 1327, contending that the law violated the First Amendment and the Privileges and Immunities Clause (U.S. Const., art. IV, § 2, cl. 1; 14th Amend.). ER-112-18.

A few weeks later, Plaintiff's counsel requested a commitment that defendants "waive enforcement of SB 1327 as to Plaintiff and his attorneys"

4

in this matter and in related criminal matters. SER-114, 117.[1] The State

Defendants responded by stating that they would not seek attorney's fees or

costs under section 1021.11 in connection with the present lawsuit if

Plaintiff withdrew his claims for relief related to SB 1327. SER-114, 121.

Plaintiff's counsel notified the parties that he would notice a motion for

preliminary injunction for hearing. SER-114, 126.

### B. State Defendants' Commitment Not to Seek Fees or Costs From Plaintiff Under SB 1327's Fee-Shifting Provision and the Motion for Preliminary Injunction

In October 2022, Plaintiff filed a Motion for Preliminary Injunction,

seeking injunctive relief against only the State Defendants. ER-151-155.

The motion sought to preliminarily enjoin enforcement of California Code

of Civil Procedure section 1021.11 in connection with pending litigation

involving the Plaintiff and his attorneys. ER-152, 154; *see also* SER-111

(noting harm Plaintiff alleges he will suffer if statute is not enjoined).

---

[1] Plaintiff's motion refers to a criminal complaint for possession of illegal firearms pending in superior court (*People v. Abrera*, Super. Ct. Sacramento County, Case No. 21FE004857). ER-34. Plaintiff's operative complaint also identifies a Petition for Judicial Determination Re: Return of Firearms, filed by the City of Elk Grove on January 25, 2021 (*City of Elk Grove v. Euginie Abrera*, Super. Ct., Sacramento County, Case No. 34-2021-20000745). ER-128-33. According to Plaintiff's allegations, that complaint was never served on Plaintiff and appears to have been dismissed. ER-54.

Plaintiff argued that the law violated the First Amendment by impeding

access to the courts; violated the Equal Protection clause by singling out

matters challenging laws under the Second Amendment; and violated the

Due Process and Privileges and Immunities clauses.  ER-152-53.[2]

Approximately one week after the motion was filed, the State

Defendants notified Plaintiff's counsel that the State Defendants "will not

use the fee-shifting provision in SB 1327 . . . at any time in connection with

this action, regardless of whether your client makes any further amendments

to the operative complaint."  SER-114, 132.[3]  The State Defendants offered

to enter into a stipulation to that effect.  *Id.*  Plaintiff's counsel indicated that

he would nonetheless proceed with the motion.  SER-115, 139.  In response,

the State Defendants reiterated their pledge not to seek fees from Plaintiff

under SB 1327's fee-shifting provision.  SER-115, 146.  Based on that

commitment, the State Defendants opposed the motion for a preliminary

---

[2] The First Amended Complaint does not include allegations that section 1021.11 violated the equal protection or due process clauses.  SER 112-18.

[3] This was consistent with the pledge made in several other cases where plaintiffs and attorneys sought assurances that section 1021.11 would not be invoked in those lawsuits.  *See, e.g.*, *Renna v. Bonta*, No. 20-cv-2190, Dkt. 57 at 3 (S.D. Cal. Sept. 28, 2022); *Defense Distributed v. Bonta*, No. 22 CV 6200, Dkt. 19 at 9–11 (C.D. Cal. Oct. 24, 2022); *Rupp v. Bonta*, No. 8:17-cv-00746, Dkt. 130 at 8–10 (S.D. Cal. Oct. 21, 2022).

injunction, arguing that Plaintiff faced no threat of injury to support preliminary injunctive relief.

## C. District Court's Order Denying the Motion for Preliminary Injunction

The district court denied the motion for a preliminary injunction.  ER-3-10.  The court reasoned that the State Defendants committed not to "enforce [section 1021.11] against Plaintiff in the current action or any related action."  ER-8.  And by "assuming this position in a legal proceeding and maintaining that position," the court concluded that the State Defendants would "be subject to judicial estoppel," meaning that the State Defendants could not "enforc[e] § 1021.11 against Plaintiff in this action and related actions."  ER-8.  As a result, the court concluded that Plaintiff could not establish any "injury-in-fact," *id*.; and the "threat of future injury from the enforcement of the statute is non-existent," ER-8-9.   In its ruling, the district court also addressed Plaintiff's concern that the *State Defendants'* commitment would not bind *the City and County Defendants* from using 1021.11's fee-shifting provisions against him.  ER-9.  The court reasoned that "[b]ecause Plaintiff narrowed the scope" of the preliminary injunction motion "to address only Defendants Newsom and Bonta," the City and

County Defendants' "speculative, independent actions" were "immaterial" to the proper disposition of the motion. *Id*.

Plaintiff filed a timely notice of appeal. ER-156-58.

## STANDARD OF REVIEW

This Court reviews an order denying a preliminary injunction for an abuse of discretion. *See L.A. Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200 (1980). "But legal issues underlying the injunction are reviewed de novo because a district court would necessarily abuse its discretion if it based its ruling on an erroneous view of law." *California v. Azar*, 950 F.3d 1067, 1082 (9th Cir. 2020) (en banc) (quotation marks omitted).

## SUMMARY OF THE ARGUMENT

The district court properly denied the motion for a preliminary injunction because Plaintiff failed to make a "clear showing" of injury in fact required to confer standing or to satisfy the equitable factors governing preliminary injunctive relief. Plaintiff's motion sought only limited relief against the State Defendants: a preliminary injunction that would prohibit the State Defendants from using section 1021.11 to seek fees or costs in connection with this matter or in certain other related cases. But the State Defendants (repeatedly) committed not to seek such fees or costs from

8

Plaintiff, eliminating any threat of injury for the district court to redress. And Plaintiff need not rely solely on that commitment. As the district court properly noted, State Defendants would be subject to judicial estoppel should they ever renege on that commitment. Thus, there is no cognizable injury-in-fact sufficient to confer Article III standing, much less meet the requirements for the extraordinary relief of a preliminary injunction.

On appeal, Plaintiff primarily contends that the State Defendants' pledge to foreswear use of section 1021.11 in this case did not sufficiently address his claimed injury, because "declaratory relief" would have been useful against other "municipal defendants" in separate "state court actions." Appellant's Opening Brief (AOB) 3. But as Plaintiff acknowledges (AOB 1), he filed a motion against *the State Defendants* seeking *a preliminary injunction* barring use of section 1021.11 in this case. The district court's refusal to consider the "speculative, independent" actions of other defendants who were not named in the motion (ER-9), or to construe the motion for a preliminary injunction as a request for declaratory relief, provides no basis for reversal. Indeed, there is no Article III basis for *preliminary declaratory relief* and Plaintiff's motion did not even purport to seek any form of final relief, declaratory or otherwise. The district court

correctly denied the motion, which sought a preliminary injunction against

the State Defendants.  This Court should affirm.

## ARGUMENT

### I.  THE DISTRICT COURT PROPERLY DENIED THE MOTION FOR A PRELIMINARY INJUNCTION

#### A.    Plaintiff Lacks Article III Standing

The district court correctly denied Plaintiff's request for preliminary

injunctive relief because Plaintiff faced no threat that the State Defendants—

the only parties against whom an injunction was sought—would use that

provision in connection with this litigation or the related state court matters.

Plaintiff therefore could not, and still cannot, make a clear showing that he

suffered an injury in fact adequate to confer standing or the sort of

irreparable injury that would warrant preliminary equitable relief.

To invoke the jurisdiction of the federal courts, a plaintiff must

establish "the irreducible constitutional minimum of standing," consisting of

"injury in fact, causation, and a likelihood that a favorable decision will

redress the plaintiff's alleged injury."  *Lopez v. Candaele*, 630 F.3d 775, 785

(9th Cir. 2010) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-

61 (1992)).  The "injury in fact must constitute 'an invasion of a legally

protected interest which is (a) concrete and particularized, and (b) actual or

10

imminent, not conjectural or hypothetical.'" *Id.* "The plaintiff must prove injury in fact in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* (internal quotations omitted). Thus, "at the preliminary injunction stage, a plaintiff must make a 'clear showing' of his injury in fact." *Id.*

Applying those standards, the district court properly concluded that Plaintiff failed to make a "clear showing" of injury in fact. ER-8. In the motion for preliminary injunction, Plaintiff asserted that he and his attorneys feared "financial ruin" if the State Defendants sought fees under section 1021.11 in this and related criminal matters. ER-12. But Plaintiff and his attorneys could claim no such fear under the circumstances presented in this case. As the district court observed, the State Defendants "stated in their opposition brief that they do not intend to enforce the statute against Plaintiff in the current action or any related action." *Id.* In light of that commitment (and several others in the course of litigation), Plaintiff cannot claim any "fear[] . . . except those that are imaginary or speculative" that section 1021.11 will be invoked by the State Defendants to seek fees or costs in this matter at some point in the future. *Johnson v. Stuart*, 702 F.2d 193, 195 (9th Cir. 2010); *see id.* ("The Attorney General of Oregon has repeatedly

disavowed any interpretation of [the challenged statute] that would make it applicable in any way to teachers. . . .  On this record, Oregon teachers have 'no fears'" of injury.) (citation omitted).  On this record, Plaintiff cannot "show that he has sustained, or is immediately in danger of sustaining, a direct injury as the result of" the enactment of section 1021.11.  *Laird v. Tatum*, 408 U.S. 1, 13 (1972); *see also Coons v. Lew*, 762 F.3d 891, 897 (9th Cir. 2014) ("[W]e have repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient.") (quoting *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 409 (2013)).

What is more, the district court concluded that the State Defendants' commitment was subject to judicial estoppel, further diminishing any claim of injury.  ER-8.  When "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, [that party] may not thereafter, simply because [their] interests have changed, assume a contrary position." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *see also Helfand v. Gerson*, 105 F.3d 530, 535 (9th Cir. 1997) ("[J]udicial estoppel applies to a party's stated position, regardless of whether it is an expression of intention, a statement of fact, or a legal assertion").  In light of the State Defendants' commitments that were memorialized in the opposition to the

motion for a preliminary injunction (SER-114-115, 121, 132, 146), the district court observed that the State Defendants would be "estopped from enforcing § 1021.11 against Plaintiff in this action and related actions," meaning that Plaintiff could claim no "chilling effect" from the statute "because the threat of future injury from the enforcement of the statute against him is non-existent." ER-8.[4]

Plaintiff asserts that he suffered injury in fact because one attorney (Daniel M. Karalash) "is withdrawing his representation" in this case because he "did not want the possibility" that section 1021.11 would be used against him in connection with his services. AOB 25; *see also* AOB 26-28.[5] But, of course, a party "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. at 416;

---

[4] Subsequently, Plaintiff has gained yet another assurance that the State Defendants against whom he seeks injunctive relief will not seek fees against him or his attorneys under SB 1327. As explained below, another district court has entered a permanent injunction against State Defendants taking that action. *See Miller v. Bonta*, No. 22-cv-1446-BEN (JLB), --- F. Supp. 3d. ----, 2022 WL 17811114 at *8 (S.D. Cal. Dec. 19, 2022).

[5] Indeed, the district court recently denied without prejudice Mr. Karalash's motion to withdraw as counsel. *See Abrera v. Newsom*, E.D. Cal. Case No. 2:22-cv-01162-JAM-DB, Minute Order (Jan. 24, 2023).

*see also Laird*, 408 U.S. at 13-14 ("Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.").[6]  And as the district court correctly explained, the risk that section 1021.11 will be used against Plaintiff and his attorneys is "non-existent" on this record.  ER-8-9.

Plaintiff also contends that he suffered injury in fact because "non-state" defendants may use section 1021.11 against him.  AOB 26; *see also* AOB 32, 35, 41. But, as the district court explained, Plaintiff failed to name the municipal and county defendants as parties to the preliminary injunction motion.  ER-8-9.  Instead, Plaintiff asked the district court to "enter an injunction now" against the *State Defendants* to thwart "harms from [section 1021.11 from] going into effect."  SER-112.

On appeal, Plaintiff contends that the "Municipal Defendants are not proper parties with regard to defending a purely state law."  AOB 28.  In Plaintiff's view, "the Attorney General is the only person who can assert the state's interest in defending a challenged law."  AOB 29.  But the "state's interest" is not a factor in the standing analysis; what matters is whether the

---

[6] For the same reason, Plaintiff's argument that mere enactment of section 1021.11 caused him harm, even if the statute is never enforced, *see* (AOB 22-28), is unavailing.

14

court can grant the relief that is sought. And if the relief Plaintiff desires is some assurance that the non-state defendants will not or cannot seek fees or costs under section 1021.11, Plaintiff should simply file a motion for preliminary injunction seeking that relief as to those defendants.

Plaintiff also suggests that certain *declaratory relief* would "result in law of the case" that would bind the non-state defendants. AOB 32. But the Plaintiff filed a motion for a *preliminary injunction*, and it was properly denied under standards governing preliminary injunctive relief. *See* ER-3-5, 10. There is no Article III mechanism for *preliminary declaratory relief*, which appears to be one of Plaintiff's goals at this time. The absence of declaratory relief—in the context of a ruling on a motion for preliminary injunctive relief against the State Defendants—offers no basis on which to reverse the district court or to conclude that an injury in fact flows from the State Defendants' conduct.[7]

---

[7] At various places in his opening brief, Plaintiff appears to seek relief that plainly goes beyond the scope of the motion for a preliminary injunction that the district court considered below or extends well past the jurisdictional limits of an Article III court. *See, e.g.*, AOB 3 (seeking an injunction prohibiting legislators form passing or enforcing "future iterations of the currently challenged law"); AOB 17 ("Plaintiff is also seeking to enjoin Newsom from passing any further fee shifting legislation"); AOB 39 (discussing request for "legislative injunction"); AOB 42 (Plaintiff complaining about a separate "fee-shifting provision . . . for use by private

Finally, Plaintiff suggests (AOB 16) that the district court's reasoning conflicts with another decision concluding that the plaintiffs in that case had standing to challenge to section 1021.11. *Miller v. Bonta*, No. 22-cv-1446-BEN (JLB), --- F. Supp. 3d. ----, 2022 WL 17363887 (S.D. Cal. Dec. 1, 2022). But that matter involved different plaintiffs alleging different injuries in a different procedural posture. And, significantly, as the district court there observed, the Attorney General's non-enforcement commitment was materially different than the commitment in the record here. "[T]he commitment of non-enforcement [in the other case] [was] conditional. The Defendant Attorney General['s] . . . cessation of enforcement . . . will end if, and when, a purportedly similar one-sided fee-shifting Texas statute is adjudged to be constitutional." *Id.* at *5. The court concluded under those circumstances that the "actual chilling effect" of the statute persisted and ultimately granted a permanent injunction against the statute's enforcement. *See Miller*, 2022 WL 17811114 at *8.[8] Here, in contrast, the State

---

parties" even though he did not challenge that provision in the district court). *See De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945) (stating that a preliminary injunction may not be granted concerning "a matter lying wholly outside the issues in the suit").

[8] The district court has not yet issued a final judgment in that case. If a final judgment barring enforcement of section 1021.11 moots this appeal, State Defendants will separately file a motion to dismiss the appeal as moot.

16

Defendants' pledge was unconditional and there is no threat that they will invoke section 1021.11 against Plaintiff or his attorneys in connection with this case or the related state court matters. ER-8; SER-114-115, 121, 132, 146.

### B. Plaintiff Cannot Satisfy the Requirements to Obtain a Preliminary Injunction

Even if the Plaintiff had Article III standing, the same considerations demonstrate that Plaintiff did not satisfy the prerequisites of preliminary injunctive relief. *Enyart v. Nat'l Conf. of Bar Examiners, Inc*., 630 F.3d 1153, 1159 (9th Cir. 2011) ("We may affirm the district court on any ground supported by the record."). A plaintiff seeking a preliminary injunction must show that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) (citations omitted). The district court correctly denied the motion because Plaintiff could not meet those standards.

"At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm. Speculative injury does not constitute irreparable injury sufficient to warrant granting a

preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Because State Defendants agreed not to seek attorney's fees and costs under the fee-shifting provision of SB 1327 in connection with this action, and would be subject to judicial estoppel should they ever seek to do so, Plaintiff was under no threat of harm, let alone immediate threatened injury.

Indeed, when presented with the same question, on the same facts, another district court reached that very conclusion. In *Defense Distributed v. Bonta*, No. CV 22-6200-GW-AGRx, 2022 WL 15524983 (C.D. Cal. Oct. 24, 2022) (adopting tentative ruling in *Defense Distributed v. Bonta*, No. CV 22-6200-GW-AGRx, 2022 WL 15524977 (C.D. Cal. Oct. 21, 2022), the district court held that plaintiffs in that case were not entitled to a preliminary injunction because they could not demonstrate "the threat of immediate injury that is necessary to issue the extraordinary remedy of a preliminary injunction." *Defense Distributed*, 2022 WL 15524977, at *6.

Plaintiff's inability to show any cognizable harm as a result of the State Defendants' pledge to not use SB 1327's fee-shifting provision in this or

related matters also prevented him from demonstrating that the equities tip in his favor or that an injunction would be in the public interest. Plaintiff's alleged harm—a potential conflict of interest on the part of his attorney due to the possibility of use of SB 1327's fee-shifting provision in this or the related criminal matter (AOB 20-22)—is illusory. As noted above, the State Defendants are not using the fee-shifting provision in this matter. And that provision cannot be used in the related criminal matter in any event, which does not include a "claim or cause of action brought by the party seeking the declaratory or injunctive relief." (SB 1327, § 2, Cal. Code Civ. Proc. § 1021.11(b)(1).) As such, Plaintiff would have gained nothing—and therefore could not prove a balance of equities in his favor or that the injunction would serve the public interest—if the district court had granted the requested injunctive relief and enjoined the fee-shifting provision.

/ / /

/ / /

Case: 22-16897, 02/03/2023, ID: 12646078, DktEntry: 21, Page 25 of 28

**CONCLUSION**

This Court should affirm the district court's order denying the motion for preliminary injunction.

Dated:  February 3, 2023          Respectfully submitted,

                                  ROB BONTA
                                  Attorney General of California
                                  THOMAS S. PATTERSON
                                  Senior Assistant Attorney General
                                  BENJAMIN M. GLICKMAN
                                  Supervising Deputy Attorney General

                                  */s/ Anthony P. O'Brien*

                                  ANTHONY P. O'BRIEN
                                  Deputy Attorney General
                                  *Attorneys for Defendants and Appellees*
                                  *Gavin Newsom, in his official capacity as*
                                  *Governor of California, and Rob Bonta, in*
                                  *his official capacity as Attorney General of*
                                  *California*

SA2022305564
36903278.docx

22-16897

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**ARNOLD ABRERA,**

Plaintiff and Appellant,

**v.**

**GAVIN NEWSOM, et al.,**

Defendants and Appellees

---

**STATEMENT OF RELATED CASES**

To the best of our knowledge, there are no related cases.

Dated:  February 3, 2023          Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General

*/s/ Anthony P. O'Brien*

ANTHONY P. O'BRIEN
Deputy Attorney General
*Attorneys for Defendants and Appellees Gavin
Newsom, in his official capacity as Governor of
California, and Rob Bonta, in his official
capacity as Attorney General of California*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 22-16897

I am the attorney or self-represented party.

**This brief contains** | 4,118 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [        ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ Anthony P. O'Brien | **Date** | February 3, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                 *Rev. 12/01/22*

# CERTIFICATE OF SERVICE

Case Name:  **Abrera, Arnold v. Gavin**          No.   **22-16897**
            **Newsom, et al.  [Appeal]**

I hereby certify that on <u>February 3, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**APPELLEES-DEFENDANTS GAVIN NEWSOM AND ROB BONTA's ANSWERING BRIEF(PRELIMINARY INJUNCTION APPEAL – NINTH CIRCUIT RULE 3-3)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>February 3, 2023</u>, at Sacramento, California.


         Eileen A. Ennis                              */s/ Eileen A. Ennis*
            Declarant                                      Signature

SA2022305564
36900776.docx