No. 22−16897

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ARNOLD ABRERA

*Plaintiff-Appellants*,

v.

GAVIN NEWSOM, ET AL

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Easter District of California
D.C. No.: 2:22-cv-01162-JAM-DB
Hon. John A. Mendez

## APPELLANT'S REPLY BRIEF

Gary W. Gorski (SBN 166526)
   ***VETERANS LAW CENTER***
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(406) 266-1000 / (775) 720-1000 (cell)
CivilRightsAttorney@BlackWolfLaw.com
www.veteranslawcenter.com

Daniel M. Karalash (SBN 176422)
   ***STRATEGIC LAW COMMAND***
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234 / (916) 223-9884 (cell)
dan@stratlaw.org  /  www.stratlaw.org
   ***Attorneys for Appellants***

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

REPLY ...................................................................................................................1

CONCLUSION ................................................................................................... 55

CERTIFICATE OF COMPLIANCE .................................................................. 57

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

**Cases**                                                 **Page(s)**

*Miller v. Bonta,*
 No. 22cv1446-BEN (JLB), 2022 U.S. Dist. LEXIS 228197 (S.D. Cal. Dec. 19, 2022) ....................................................................................................... 4, 5

*Paradis v. Arave,* 130 F.3d 385 (9th Cir. 1997) .............................................. 4

*Silveira v. Lockyer,* 328 F.3d 567, 568-69 (9th Cir. 2003*)* ........................... 4

*United States v. Irwin,* 612 F.2d 1182 (9th Cir. 1980). .................................. 4

## REPLY

State Defendants passed a statute which they now contend they have no intent to enforce. They will not stipulate to a consent decree. No other parties to the case have asserted a position consistent with the State Defendants. Defendants have taken no action to repeal the statute. Other than the so-called "commitment not to seek attorney fees" <u>defense</u> of SB 1327, State Defendants have not opposed Plaintiff's Opening Brief --- therefore the relief sought should be summarily granted as unopposed.

Most importantly, State Defendants have not obtained an agreement from any county or city defendants that they too will not use SB 1327 against Plaintiff.

Besides, one would think that State Defendants would have included all their filings on the so-called "commitment." It is by no mistake that they left out their final position statement presented to the District Court. Eleven days before the hearing on Plaintiff's Motion for a Preliminary and Permanent Injunction, in a Request for Judicial Notice (ECF No. 26), State Defendants submitted their final position statement on whether SB 1327 was going to be enforced. Here is their <u>final</u> "position" before the District Court, commencing at FER-4, line 23:

> **Exhibit 1:** A true and correct copy of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, filed in *James Miller, et al. v. Rob Bonta, et al.* (U.S. Dist. Ct., S.D.Cal. Case No. 3:22-cv-1446-BEN-JLB) on October 31, 2022 (ECF No. 22). In the attached brief, the Attorney General commits not to seek attorney's fees or costs from any plaintiff or plaintiff's

attorney under section 2 of California Senate Bill 1327 in any case, **unless and until** a court ultimately holds that the fee-shifting provision in section 4 of Texas Senate Bill 8 is constitutional and enforceable and that decision is affirmed on appeal or no appeal is taken. This commitment extends to fees or costs incurred at any time in connection with any suit filed before the date on which a decision ultimately upholding the constitutionality of section 4 of SB 8 is affirmed on appeal (or the time to file an appeal expires). **This position accurately reflects the State Defendants' position in *Abrera* as well.** [emphasis added]

In Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, filed in *James Miller, et al. v. Rob Bonta, et al.* (U.S. Dist. Ct., S.D.Cal. Case No. 3:22-cv-1446-BEN-JLB) on October 31, 2022 (ECF No. 22), and presented to the District Court in this case, the State Defendants clearly set forth their intent to the District Court:

> To date, the Attorney General has committed not to seek fees under the fee-shifting mechanism in section 2 of SB 1327 in every particular action involving the California Department of Justice in which that issue has been raised. And defendants hereby commit—consistent with the original legislative objective of SB 1327—not to seek fees or costs from any plaintiff or plaintiff's attorney under section 2 of SB 1327 in any case, ***unless and until* a court ultimately holds** that the fee-shifting provision in section 4 of SB 8 is constitutional and enforceable and that decision is affirmed on appeal or no appeal is taken. [emphasis added]
>
> (FER-14, lines 5-12)

2

The record is clear that the commitment was "conditional", depending on what happens in Texas. There was no record of the legislative objective presented to the court.

Regardless, why would any attorney accept legal exposure based upon what may or may not happen regarding a Texas law. California is attempting to legislate the State of Texas at the expense of Plaintiff. State Defendants have made it perfectly clear that the commitment to not use SB 1327 is conditional: "… **_unless and until_ a court ultimately holds** that the fee-shifting provision in section 4 of SB 8 is constitutional and enforceable and that decision is affirmed on appeal or no appeal is taken."[1]

State Defendants conduct is precisely why an injunction is needed. State Defendants create a moving target so that they can argue lack of standing while at the same time keep their legal foot in the door for future enforcement. State Defendants are playing with the People's Second Amendment rights as though it is "crumpled gum wrapper" while advocating abortion rights in the state of Texas. Judge Kozinski's warning in 2003 was very prophetic:

---

[1] It should be noted that on January 24, 20223, the Attorney General represented to Judge Mendez that it would not seek attorney fees in this matter; as such, Mr. Karalash's motion to be relieved was denied *without* prejudice. None of the remaining defendants agreed to waive their respective rights under SB 1327. There has been no global stipulation by the defendants as of today's date.

3

> As guardians of the Constitution, we must be consistent in interpreting its provisions. … Expanding some to gargantuan proportions while discarding others like a crumpled gum wrapper is not faithfully applying the Constitution; it's using our power as [executive and legislative officers] to constitutionalize our personal preferences.

*Silveira v. Lockyer*, 328 F.3d 567, 568-69 (9th Cir. 2003).

Here, the harm is clear, as stated in State Defendant SER, page 109, commencing at line 20:

> As addressed previously, the fee-shifting provision imposes significant burdens on the attorney-client relationship that themselves violate the Due Process Clause. The Sixth Amendment right to counsel necessarily includes the right to a "conflict-free attorney." *Paradis v. Arave*, 130 F.3d 385, 391 (9th Cir. 1997). A conflicted attorney can, of course, "affect[] the attorney's performance." *Id.* In that context, "government interference with a defendant's relationship with his attorney may render counsel's assistance so ineffective as to violate his Sixth Amendment right to counsel and his Fifth Amendment right to due process of law." *United States v. Irwin*, 612 F.2d 1182, 1185 (9th Cir. 1980). (See Gorski Declaration in general)

State Defendants also argue that an injunction against them cannot be applied to other municipal defendants. However, the District Court in *Miller v. Bonta* held that anyone who gains knowledge of an injunction can also be enjoined even though they are not parties to the action, to wit:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and <u>those who gain knowledge of this injunction order or know of the existence of this injunction order</u>, are enjoined from implementing or

4

enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327. [emphasis added]

*Miller v. Bonta*, No. 22cv1446-BEN (JLB), 2022 U.S. Dist. LEXIS 228197, at *21 (S.D. Cal. Dec. 19, 2022).

Therefore, to enforce the injunction against non-party defendants, the only thing that need be done is serve the order on a municipal or county party to stop enforcement. Similarly, an injunction in this case will automatically place all other defendants on notice as they are parties to the case and an injunction would be electronically served on each of them.

## **CONCLUSION**

Plaintiff has standing, and declaratory and injunctive relief should have been granted.

Dated this <u>Friday, February 17, 2023</u>

> Respectfully submitted,
>
> <u>/s/ *Gary W. Gorski*</u>
> Gary W. Gorski
> Attorney for Appellant/Plaintiff

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### CERTIFICATE OF COMPLIANCE FOR BRIEFS

I am the attorney or self-represented party.

**This brief contains 1,440 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief complies with the word limit of Cir. R. 32-1.

**Signature** /s/ Gary W. Gorski     **Date** Friday, February 17, 2023

| Properties | |
|---|---|
| Size | 46.7KB |
| Pages | 8 |
| Words | 1440 |
| Total Editing Time | 0 Minutes |
| Title | Reply_Abrera |
| Tags | Add a tag |

## CERTIFICATE OF SERVICE

### Certificate of Service for Electronic Filing

**9th Cir. Case Number: 22−16897**

I hereby certify that I electronically filed the attached document on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Signature** <u>/s/ *Gary W. Gorski*</u>  **Date:** <u>Friday, February 17, 2023</u>