22-16897

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**ARNOLD ABRERA,**

              Plaintiff and Appellant,

    v.

**GAVIN NEWSOM, et al.,**

              Defendants and Appellees.

On Appeal from the United States District Court
for the Eastern District of California

No. 2:22-cv-01162-JAM-DB
The Honorable John A. Mendez, Judge

**APPELLEES-DEFENDANTS GAVIN NEWSOM AND ROB BONTA'S MOTION TO DISMISS FOR MOOTNESS**

Rob Bonta
Attorney General of California
Thomas S. Patterson
Senior Assistant Attorney General
Anya M. Binsacca
Supervising Deputy Attorney General

Jay C. Russell
Deputy Attorney General
State Bar No. 122626
 450 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102
 Telephone: (415) 510-3617
 Fax: (415) 710-4853
 Email: Jay.Russell@doj.ca.gov
*Attorneys for Defendants and Appellees Gavin Newsom, in his official capacity as Governor of California, and Rob Bonta, in his official capacity as Attorney General of California*

## INTRODUCTION

Appellees-Defendants Gavin Newsom, in his official capacity as Governor of the State of California, and Rob Bonta, in his official capacity as Attorney General of California, move under Federal Rule of Appellate Procedure 27(a) for this Court to dismiss the instant appeal as moot.[1]

## STATEMENT OF THE CASE

In his first amended complaint, Appellant-Plaintiff Arnold Abrera raised various claims, including a claim challenging a fee-shifting provision codified in California Code of Civil Procedure section 1021.11,[2] which provides that "any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party." § 1021.11(a). Abrera brought that

---

[1] Under Ninth Circuit Rule 27-1, counsel were contacted before the filing of this motion. The parties were unable to reach an agreement.

[2] All further statutory references are to California's Code of Civil Procedure unless otherwise noted.

1

claim against Governor Newsom, Attorney General Bonta (together the State Defendants), the County of Sacramento, Anne Marie Schubert, in her former official capacity as Sacramento County District Attorney (together the County Defendants), the City of Elk Grove, Bobby Davis, in his official capacity as Elk Grove Police Chief, and Jonathan P. Hobbs, in his official capacity as Elk Grove City Attorney (together the Elk Grove Defendants). Abrera moved for a preliminary injunction on this claim as to Defendant-Appellees Newsom and Bonta, but not as to the County or Elk Grove defendants. *Abrera v. Newsom, et al.*, No. 2:22-cv-01162 JAM-DB (E.D. Cal.), ER-151. In the motion, Abrera sought a preliminary injunction preventing the State Defendants from using section 1021.11. *Id.*

Based in part on the State Defendants' agreement not to enforce section 1021.11, the district court denied Abrera's motion for a preliminary injunction, reasoning that Abrera could not establish "a concrete and particularized injury" resulting from use of section 1021.11 against him. ER-3, 8. In that decision, the district court noted that the State Defendants' pledge to not use section 1021.11—as stated in their opposition to the motion for preliminary injunction—judicially estopped them from changing their position in the future. ER-8. As a result of this judicial estoppel, the

court concluded that Abrera failed to establish any injury-in-fact necessary to have standing for the motion. ER-8.

The district court also rejected Abrera's claim that the State Defendants' commitment to not use section 1021.11 did not bind the other Defendants. ER-9. There, the district court noted that, because Plaintiff "narrowed the scope of his injunction to address only" the State Defendants, the "speculative, independent actions of third parties not named in this action are insufficient to establish the requisite 'causal connection between the injury and the conduct' at issue." ER-9 (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).)

Abrera subsequently appealed the district court's denial of his preliminary injunction motion on December 9, 2022. ER-3, 8, 156. Abrera filed his Opening Brief on January 9, 2023. *Abrera, v. Newsom, et al.*, No. 22-16897, ECF No. 8. On February 6, 2023, Defendants filed their Answering Brief. *Id.*, ECF No. 21. On February 21, 2023, Abrera filed his Reply Brief. *Id.*, ECF No. 27.

A month after appellate briefing was complete in this matter, the United States District Court for the Southern District of California entered judgment on a similar challenge to section 1021.11 in *Miller v. Bonta,* No. 22-cv-1446-BEN-MDD and *South Bay Rod & Gun Club, Inc. v. Bonta*, No.

3

22-cv-1461-BEN-JLB. In that consolidated judgment, the district court declared section 1021.11 unconstitutional and permanently enjoined the Governor and Attorney General:

> from bringing any action or motion under § 1021.11 to obtain an award of attorney's fees and costs. Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this injunction order are enjoined from implementing or enforcing §1021.11.

*Miller v. Bonta,* No. 22-cv-1446-BEN-MDD, *South Bay Rod & Gun Club, Inc. v. Bonta*, No. 22-cv-1461-BEN-JLB, --- F. Supp. 3d. ----, (S.D. Cal. Mar. 20, 2023), Judgment, ¶ 4.[3] Defendants did not appeal that judgment; the time to file any appeal expired on April 19, 2023. *See* Fed. R. App. P. 4(a)(1)(A).

Given that final judgment and permanent injunction in *Miller* and *South Bay Rod & Gun Club*, Abrera's appeal of the denial of the preliminary injunction in this case is moot and the appeal should be dismissed.

---

[3] A copy of this Judgment is attached to this brief as Exhibit A.

# ARGUMENT

I. **THE *MILLER* AND *SOUTH BAY ROD & GUN CLUB* JUDGMENT PERMANENTLY ENJOINING SECTION 1021.11'S IMPLEMENTATION OR ENFORCEMENT MOOTS THIS APPEAL**

This Court should dismiss this appeal as moot because the final judgment entered by the Southern District of California in *Miller* and *South Bay Rod & Gun Club* permanently enjoining the implementation or enforcement of California Code of Civil Procedure section 1021.11 deprives this Court of a case or controversy to decide concerning the district court's denial of a preliminary injunction against the State Defendants in the proceedings below.

"A federal court's jurisdiction is limited to cases or controversies." *American Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser*, 422 U.S. at 401). These requirements ensure that federal courts

exercise jurisdiction only over "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 95 (1968).

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1016-17 (9th Cir. 2012). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012; *see also Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022) (in the absence of "any state order for the court to declare unconstitutional or to enjoin [it] could not be clearer that this case is moot."). If a case becomes moot on appeal, the appellate court should "dismiss [the] appeal as moot [.]" *Board of Trustees of Glazing Health & Welfare Tr. v. Chambers,* 941 F.3d 1195, 1200 (9th Cir. 2019).

Here, Abrera's challenge to the fee-shifting provision in section 1021.11 is moot because Defendants are permanently enjoined from

6

"implementing or enforcing §1021.11" through the operation of a final judgment. *Miller v. Bonta,* No. 22-cv-1446-BEN-MDD, *South Bay Rod & Gun Club, Inc. v. Bonta*, No. 22-cv-1461-BEN-JLB, Mar. 20, 2023 Judgment, ¶ 4. Because Defendants have no legal means to "implement or enforce" section 1021.11's fee-shifting provision, this Court no longer has a live controversy to consider. *See Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1253 (9th Cir. 1984), quoting *Mills v. Green*, 159 U.S. 651, 653 (1895) ("It is our duty 'to decide actual controversies . . . and not to give opinions upon . . . abstract propositions. . . .'") In short, there is nothing left to adjudicate "in light of the . . . statute as it now stands." *Hall v. Beals*, 396 U.S. 45, 48 (1969); *see also Sea-Land Service, Inc. v. Int'l Longshoremen's and Warehousemen's Union* (9th Cir. 1991) 939 F.2d 866, 870 ("Relief from another tribunal can moot an action."). "Where there is nothing left of a challenged law to enjoin or declare illegal, further judicial action would necessarily be advisory and in violation of the limitations of Article III." *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019).

Because Abrera's claim challenging section 1021.11 no longer requires adjudication, the Court should dismiss this appeal as moot.

7

In Abrera's briefing on the merits in this appeal, he has argued that "non-state" and "Municipal" defendants may use section 1021.11 against him, "despite the State's offer of non-enforcement." Appellant's Opening Brief (AOB) 26-27, 32, 35; *see also* AOB 41. But any asserted uncertainty about the actions of the County and Local Defendants is not a basis for concluding that Abrera's appeal of the denial of his motion for a preliminary injunction directed at the State Defendants satisfies Article III requirements. This appeal is from a preliminary injunction motion naming only the State Defendants. If Abrera is seeking relief against the County or Elk Grove Defendants, he should have filed a motion for preliminary injunction seeking such relief against them. His failure to do so prevents this Court from issuing a decision in this appeal that would redress any claimed injury from a third party. *Lujan*, 504 U.S. at 560-61.

## II. NO EXCEPTIONS TO THE MOOTNESS DOCTRINE APPLY

No exception to the mootness doctrine applies to Abrera's appeal of the denial of his motion for a preliminary injunction. Generally, there are two possible exceptions to the mootness doctrine: (1) when a controversy "is capable of repetition, yet evading review," *Kingdomware Techs., Inc. v. United States* (2016) 579 U.S. 162, 170 (citations omitted); and (2) when a defendant voluntarily ceases a challenged practice but can resume it at any

8

time. *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.* (2000) 528 U.S. 167, 189; *Board of Trustees of Glazing Health & Welfare Tr. v. Chambers,* 941 F.3d at 1199; *see also Brach v. Newsom,* 38 F.4th at 12-15.

The first exception does not apply here because the *Miller* and *South Bay Rod & Gun Club* judgment—which permanently enjoins Defendants from "implementing and enforcing" section 1021.11—forecloses the prospect that Defendants would seek to use the fee-shifting provision. This case is not capable of repetition yet evading review because the *Miller* and *South Bay Rod & Gun Club* judgment makes it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (quoting *Friends of the Earth v. Laidlaw Env't Servs., Inc.*, 528 U.S. at 189).

The second exception does not apply because the *Miller* and *South Bay Rod & Gun Club* judgment prohibits use of section 1021.11 here. Because of that final judgment, Defendants cannot "voluntarily cease" enforcing the statute only to start again at a later date. Rather, a court's order compels Defendants to refrain from using the fee-shifting provision at any time. *See Enrico's, Inc. v. Rice*, 730 F.2d at 1254.

This Court's precedents confirm the appeal is moot. In *Enrico's*, a state-agency defendant discontinued a challenged pricing policy after a final

9

decision in a separate state-court proceeding held that the policy was unlawful. *Enrico's, Inc.,* 730 F.2d at 1252-53. Recognizing that the "agency must follow" that precedent, and that the agency "acted in accordance with its legal obligations when it discontinued the pricing scheme," this Court held that the discontinuance "was not voluntary, but legally compelled." *Id.* at 1253; *see also Lombardo v. Warner*, 481 F.3d 1135, 1136-37 (9th Cir. 2007) (en banc) (holding that constitutional challenge to a subdivision of a state statute was moot in light of intervening state supreme court decision holding the underlying statutory scheme to be unconstitutional).

Similarly, in *Sea-Land Service, Inc. v. Int'l Longshoreman's & Warehouseman's Union*, an employer sought a judgment from a district court in California requiring a union to comply with a National Labor Relations Board ruling. *See-Land Service, Inc.* 939 F.2d at 867-69. But the D.C. Circuit had already granted the employer the same relief, and the union announced that it intended to comply with that ruling. *Id*. at 870. This Court held that the case was moot and that the voluntary cessation doctrine did not apply because the union's change in conduct was "'legally compelled.'" *Id.* (quoting *Enrico's, Inc.*, 730 F.2d at 1253).

## CONCLUSION

The Court should dismiss the appeal of the denial of the motion for a preliminary injunction as moot.

Dated: May 26, 2023           Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General


s/ *JAY C. RUSSELL*
JAY C. RUSSELL
Deputy Attorney General
*Attorneys for Defendants and Appellees Gavin Newsom, in his official capacity as Governor of California, and Rob Bonta, in his official capacity as Attorney General of California*

SA2022305564
43727898.docx

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 27 because it contains 2,146 words and was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally-spaced typeface.

Dated: May 26, 2023                Respectfully submitted,

                                                ROB BONTA
                                                Attorney General of California
                                                THOMAS S. PATTERSON
                                                Senior Assistant Attorney General
                                                ANYA M. BINSACCA
                                                Supervising Deputy Attorney General

                                                s/ *JAY C. RUSSELL*
                                                JAY C. RUSSELL
                                                Deputy Attorney General
                                                *Attorneys for Defendants and Appellees Gavin Newsom, in his official capacity as Governor of California, and Rob Bonta, in his official capacity as Attorney General of California*

22-16897

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**ARNOLD ABRERA,**

                Plaintiff and Appellant,

    v.

**GAVIN NEWSOM, et al.,**

                Defendants and Appellees

### STATEMENT OF RELATED CASES

To the best of our knowledge, there are no related cases.

Dated: May 26, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General

s/ *JAY C. RUSSELL*
JAY C. RUSSELL
Deputy Attorney General
*Attorneys for Defendants and Appellees Gavin Newsom, in his official capacity as Governor of California, and Rob Bonta, in his official capacity as Attorney General of California*

13

# Exhibit A

FILED
MAR 2 0 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MILLER, et al., | Case No.: 3:22-cv-01446-BEN-MDD |
| Plaintiffs, | Case No.: 3:22-cv-01461-BEN-JLB |
| v. | **JUDGMENT** |
| ROB BONTA, Attorney General of California, et al., | |
| Defendants, | |
| and | |
| GAVIN NEWSOM, Governor of the State of California, | |
| Intervenor-Defendant. | |
| SOUTH BAY ROD & GUN CLUB, INC., et al., | |
| Plaintiffs, | |
| v. | |
| ROB BONTA, Attorney General of California, et al., | |
| Defendants, | |
| and | |
| GAVIN NEWSOM, Governor of the State of California, | |
| Intervenor-Defendant. | |

In accordance with the Court's December 19, 2022, Opinion And Order Enjoining Enforcement Of California Code Of Civil Procedure § 1021.11 (ECF No.

43 (*Miller II*), ECF No. 36 (*South Bay Rod & Gun Club*)), and the Parties' stipulation for entry of judgment, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that judgment be entered in each case as follows:

1. Judgment is entered in favor of Plaintiffs and against Defendants on Plaintiffs' claim that California Code of Civil Procedure § 1021.11 ("§ 1021.11") is unconstitutional under the Supremacy Clause of the United States Constitution.

2. Judgment is entered in favor of Plaintiffs and against Defendants on Plaintiffs' claim that § 1021.11 is unconstitutional under the First Amendment to the United States Constitution.

3. Judgment is entered in favor of Plaintiffs and against Defendants on Plaintiffs' claim that § 1021.11 is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

4. Accordingly, the Court declares § 1021.11 to be unconstitutional and permanently enjoins the Defendants from bringing any action or motion under § 1021.11 to obtain an award of attorney's fees and costs. Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this injunction order are enjoined from implementing or enforcing § 1021.11, as enacted by S.B. 1327.

5. The Court shall retain jurisdiction over this action for the purpose of entertaining a motion by Plaintiffs for an award of costs and attorney's fees pursuant to 42 U.S.C. § 1988 and any other applicable law. Based on the Parties' stipulation, if the parties are unable to resolve the issue of fees, Plaintiffs shall file such a motion within 90 days from the date of this judgment.

Dated: 3/20/2023

Hon. Roger T. Benitez
United States District Judge

# CERTIFICATE OF SERVICE

Case Name:  **_Abrera, Arnold v. Gavin Newsom, et al._**     Case No.  **22-16897**

I hereby certify that on <u>May 26, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**APPELLEES-DEFENDANTS GAVIN NEWSOM AND ROB BONTA'S MOTION TO DISMISS FOR MOOTNESS with Exhibit A**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 26, 2023</u>, at San Francisco, California.

| M. Mendiola | _M. Mendiola_ |
|---|---|
| Declarant | Signature |

SA2022305564
43729258.docx