No. 22−16897

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ARNOLD ABRERA

*Plaintiff-Appellants*,

v.

GAVIN NEWSOM, ET AL

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Easter District of California
D.C. No.: 2:22-cv-01162-JAM-DB
Hon. John A. Mendez

## APPELLANT'S OPPOSITION TO MOTION TO DISMISS

Gary W. Gorski (SBN 166526)
 ***VETERANS LAW CENTER***
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(406) 266-1000 / (775) 720-1000 (cell)
CivilRightsAttorney@BlackWolfLaw.com
www.veteranslawcenter.com

Daniel M. Karalash (SBN 176422)
 ***STRATEGIC LAW COMMAND***
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234 / (916) 223-9884 (cell)
dan@stratlaw.org  /  www.stratlaw.org
 *Attorneys for Appellants*

1

## REPLY

At the outset, Defendants' motion to dismiss is redundant and an attempt to deprive his right of appeal on the merits. Standing is the issue being appealed, and Defendants motion should be stricken as an attempt to avoid the merits of the case.

This appeal requests relief going to the <u>source of the harm</u>. A declaration and injunction in this case would eliminate the harm of which Plaintiff complains, because it would eliminate the immediate source of the harm. Seeking relief against municipal defendants only would not eliminate the <u>source of the harm</u>. The District Court denied Mr. Karalash's motion to withdrawal as attorney of record, without prejudice pending review from the Ninth Circuit. Therefore, this court can still grant the relief requested.

> Plaintiff avers in the First Amended Complaint at ER-43, ¶ 10 that
>
> Defendants' actions are capable of repetition, yet evade review, because, on information and belief, they have a practice of returning seized firearms when the owner files suit and resists making plea deals, use legislative trickery to evade review, and just recently threatened all attorneys with civil lawsuits for bringing civil rights actions under 42 U.S.C. § 1983 challenging unconstitutional gun laws, similar to the conduct of the State of New York at the Supreme Court, to wit:
>
> By incorrectly dismissing this case as moot, the Court permits our docket to be <u>manipulated in a way that should not be countenanced</u>. … [emphasis added] (see also ER-74, ¶s 199-203, 208.)

California is following New York's lead, and why the relief sought is not just limited to the statute, but to the <u>source</u> policy of impeding a fundamental right. California's motion is proof of how they are attempting to manipulate the Court's docket, and the relief sought is to stop these games, <u>in addition to a direct action against the offending statute</u>. They knowingly pass unconstitutional laws to cause a chilling effect because the State knows that people's behavior will be affected by such legislative trickery.

## ARGUMENT

The relief sought is framed in the FAC as follows (ER-113):

466. This law will impact Plaintiff's attorneys decision making process creating a natural conflict of interest since Plaintiff's counsel will now have to consider their personal exposure and pecuniary interest, and will per se create an ineffective assistance of counsel.

467. This law was intentionally passed to further propagate the Gun Control policy of defendants through Gun Control Actions.
468. The law is designed to deter, chill and terrify Plaintiff and his attorneys from proceeding with this action, *and the lower court action*.

\*\*\*

481. Plaintiff and Plaintiff's lawyers faces a genuine and serious risk that Defendants here will aggressively pursue judgments against Plaintiff and Plaintiff's lawyers. Such risk alone *imposes a present injury and chill on Plaintiff's litigation choices in this case, both now and as the January 1, 2023, effective date approaches, and potentially chills and burdens their ability to obtain the advice and assistance of legal counsel*.

3

State Defendants passed a statute which they now contend they have no intent to enforce, or that they are precluded from enforcement because of an injunction granted by another district court judge. However, the Eastern District court is not bound to that decision because of the ruling. Thus, Plaintiff is still entitled to relief, and this matter has been well brief in Plaintiff AOB.

The State will not stipulate to a consent decree. No other parties to the case have asserted a position consistent with the State Defendants. Defendants have taken no action to repeal the statute. Other than the so-called "commitment not to seek attorney fees" <u>defense</u> of SB 1327, State Defendants have taken no action to stop any other party from using the source statute.

Most importantly, State Defendants have not obtained an agreement from any county or city defendants that they too will not use SB 1327 against Plaintiff and agree to a consent decree.

Besides, one would think that State Defendants would have included all their filings on the so-called "commitment." It is by no mistake that they left out their final position statement presented to the District Court. Eleven days before the hearing on Plaintiff's Motion for a Preliminary and Permanent Injunction, in a Request for Judicial Notice (ECF No. 26), State Defendants submitted their final

position statement on whether SB 1327 was going to be enforced. Here is their final "position" before the District Court, commencing at FER-4, line 23:

> **Exhibit 1:** A true and correct copy of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, filed in *James Miller, et al. v. Rob Bonta, et al.* (U.S. Dist. Ct., S.D.Cal. Case No. 3:22-cv-1446-BEN-JLB) on October 31, 2022 (ECF No. 22). In the attached brief, the Attorney General commits not to seek attorney's fees or costs from any plaintiff or plaintiff's attorney under section 2 of California Senate Bill 1327 in any case, **unless and until** a court ultimately holds that the fee-shifting provision in section 4 of Texas Senate Bill 8 is constitutional and enforceable and that decision is affirmed on appeal or no appeal is taken. This commitment extends to fees or costs incurred at any time in connection with any suit filed before the date on which a decision ultimately upholding the constitutionality of section 4 of SB 8 is affirmed on appeal (or the time to file an appeal expires). **This position accurately reflects the State Defendants' position in *Abrera* as well.** [emphasis added]

In Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, filed in *James Miller, et al. v. Rob Bonta, et al.* (U.S. Dist. Ct., S.D.Cal. Case No. 3:22-cv-1446-BEN-JLB) on October 31, 2022 (ECF No. 22), and presented to the District Court in this case, the State Defendants clearly set forth their intent to the District Court:

> To date, the Attorney General has committed not to seek fees under the fee-shifting mechanism in section 2 of SB 1327 in every particular action involving the California Department of Justice in which that issue has been raised. And defendants hereby commit—consistent with the original legislative objective of SB 1327—not to seek fees or costs from any plaintiff or plaintiff's attorney under section 2 of SB 1327 in

5

any case, ***unless and until* a court ultimately holds** that the fee-shifting provision in section 4 of SB 8 is constitutional and enforceable and that decision is affirmed on appeal or no appeal is taken. [emphasis added]

(FER-14, lines 5-12)

The record is clear that the commitment was "conditional", depending on what happens in Texas. There was no record of the legislative objective presented to the court.

Regardless, why would any attorney accept legal exposure based upon what may or may not happen regarding a Texas law. California is attempting to legislate the State of Texas at the expense of Plaintiff. State Defendants have made it perfectly clear that the commitment to not use SB 1327 is conditional: "… ***unless and until* a court ultimately holds** that the fee-shifting provision in section 4 of SB 8 is constitutional and enforceable and that decision is affirmed on appeal or no appeal is taken."[1]

On July 5, 2022, the underlying action was commenced for the return of Plaintiff's firearms which were illegally seized by municipal defendants in

---

[1] It should be noted that on January 24, 20223, the Attorney General represented to Judge Mendez that it would not seek attorney fees in this matter; as such, Mr. Karalash's motion to be relieved was denied *without* prejudice. None of the remaining defendants agreed to waive their respective rights under SB 1327. There has been no global stipulation by the defendants as of today's date.

violation of the Second Amendment, and the Supreme Court's holdings in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022); *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010), *Caetano v. Massachusetts*, 577 U.S. 411 (2016) (per curiam); and, *United States v. Miller*, 307 U.S. 174 (1939).

After this action was commenced, defendants Newsom and Bonta rushed through the legislature SB 1327 (C.C.P. § 1021.11), that was signed into law by Defendant Newsom on July 22, 2022. § 1021.11 is a one-sided fee shifting statute in favor of the government in order to suppress litigation involving the Second Amendment.

The relief sought was both a declaration for this case and to enjoin the State from enforcing SB 1327 (C.C.P. § 1021.11) fee-shifting regime which only targets litigation involving the Second Amendment, and to further enjoin them from any future conduct, as follows:

> Plaintiff seeks to <u>declare</u> C.C.P. § 1021.11 unconstitutional, and <u>enjoin</u> enforcement of such law <u>as-applied</u>, and further <u>as-written</u>.
> FURTHERMORE, Plaintiff requests an order enjoining Defendants from passing and/or enforcing any new laws and <u>future iterations</u> of the currently challenged law, especially actions designed to thwart this Court's jurisdiction and Plaintiff's standing. [emphasis added]
> (ER-154, lines 16-21, Notice of Motion.)

Because § 1021.11's fee-shifting penalty is unconstitutional, Plaintiff sought <u>declaratory and injunctive</u> relief to invalidate Section 1021.11 and enjoin its application against Plaintiff <u>in this case</u>, ***as well as his criminal and civil case pending in state court for the return of his arms***. (ER-22, Abrera Decl. ¶s 17-22; ER-48, FAC ¶ 38, ER-54, FAC ¶s 83, 87-90, 92-96.) Therefore, declaratory and injunctive relief in this case can be used in the state court cases pertaining to the same municipal defendants named in the underlying action. (ER-153, lines 24-25, Notice of Motion.)

The relief Plaintiff sought was not only to enjoin enforcement of the statute against Plaintiff, but also for a declaration that the statute was unconstitutional under the First Amendment, Second Amendment, and the Fourteenth Amendment's Privileges or Immunities clause.

The District Court denied the request for preliminary equitable relief, leaving intact § 1021.11 and the ability of both state and municipal defendants to seek attorney fees and costs against Plaintiff, Mr. Karalash and Mr. Gorski personally. (ER-42, Gorski Decl. ¶s 42-43.)

In a separate case challenging § 1021.11, two decisions were rendered whereby the Southern District of California found the plaintiffs in that case had standing, even though the Attorney General made the same offer of non-enforcement in that case. See court order on Standing, *Miller v. Bonta*, No.

8

22cv1446-BEN (JLB), 2022 U.S. Dist. LEXIS 217190 (S.D. Cal. Dec. 1, 2022), and injunction granted in *Miller v. Bonta*, No. 22cv1446-BEN (JLB), 2022 U.S. Dist. LEXIS 228197 (S.D. Cal. Dec. 19, 2022).

Because of the uncertainty created by simultaneous prosecution of two actions with different plaintiffs but some of the same defendants (i.e. Bonta and Newsom) (a.k.a. "parallel proceedings", "the exercise of concurrent jurisdiction", etc.) in which at least some of the issues and parties are closely related, Plaintiff still has an interest that is entitled to adjudication to remove the uncertainty with conflicting court rulings.

Because the District Court denied the relief Plaintiff was entitled as noted in *Miller v. Bonta*, Plaintiff was denied relief he was and still is entitled to. In fact, because of the denial, the State and co-defendants are in a better position in the Eastern District since they can argue that the statute is still in effect as the District Court denied the request for injunctive relief.

The terms "parallel proceedings," "duplicative litigation," and "the exercise of concurrent jurisdiction," refer to the simultaneous prosecution of two or more suits in which at least some of the issues and parties are so closely related that the judgment of one will necessarily have a res judicata effect on the other.

Plaintiff has researched this issue and can find no case on point. This is the closest Plaintiff could find on the subject:

> Moreover, overlapping injunctions appear to be a common outcome of parallel litigation, rather than a reason for the Court to pass on exercising its duty to determine whether litigants are entitled to relief. For example, in recent litigation challenging the Secretary of Commerce's decision to add a citizenship question to the census, three district courts issued parallel injunctions against the policy. *See New York v. United States Dep't of Commerce*, 351 F. Supp. 3d 502, 677 (S.D.N.Y. 2019)4; *State v. Ross*, 358 F. Supp. 3d 965, 1050-51 (N.D. Cal. 2019); *Kravitz v. United States Dep't of Commerce*, 366 F. Supp. 3d 681, 755 (D. Md. 2019). The Court concludes that the existence of another injunction—particularly one in a different circuit that could be overturned or limited at any time—does not negate Oregon's claimed irreparable harm.

*California v. HHS*, 390 F. Supp. 3d 1061, 1065-66 (N.D. Cal. 2019).

There is no remedy at law because the State is immune – plaintiff's only recourse in the future is contempt in his case. He will be deprived of a remedy if there is no declaration and/or finding of harm in this case.

Of particular note, Newsome and Bonta are the only common parties in the two parallel proceedings. The county and city defendants in this case are not part of the proceedings in the Southern District of California.

Concurrent jurisdiction does not necessarily entail conflicting jurisdiction. The mere existence of dual grounds of prescriptive jurisdiction does not oust either one of the regulating forums. Thus, each forum is ordinarily free to proceed to a judgment. Many civil rights lawsuits are repetitive and overlapping, but not

duplicative. When the lawsuits have a sufficient degree of overlap, or are identical, concerns may arise as to the efficient use of the parties' and taxpayers' resources.

"As an initial matter, to our knowledge, no court has adopted the view that an injunction imposed by one district court against a defendant deprives every other federal court of subject matter jurisdiction over a dispute in which a plaintiff seeks similar equitable relief against the same defendant." *California v. U.S. HHS*, 941 F.3d 410, 421 (9th Cir. 2019).

> Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction…." *McClellan* v. *Carland, supra,* at 282. See *Donovan* v. *City of Dallas,* 377 U.S. 408 (1964). As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation. See *Kerotest Mfg. Co.* v. *C-O-Two Fire Equipment Co., supra; Steelman* v. *All Continent Corp.,* 301 U.S. 278 (1937); *Landis* v. *North American Co.,* 299 U.S. 248, 254 (1936).

*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

"No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. See *Landis* v. *North American Co., supra,* at 254-255. Only the clearest of justifications will warrant dismissal." [emphasis added] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976).

11

Under the voluntary cessation exception, a defendant's decision to stop a challenged practice generally "does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)); *see also Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298 (2012) (remarking that post-appeal "maneuvers designed to insulate a decision from review by [an appellate court] must be viewed with a critical eye"); *Akina v. Hawaii*, 835 F.3d 1003, 1010 (9th Cir. 2016).

## CONCLUSION

Plaintiff has standing, and defendants' motion must be denied.

Dated this <u>Saturday, June 3, 2023</u>

        Respectfully submitted,

        <u>/s/ *Gary W. Gorski*</u>
        Gary W. Gorski
        Attorney for Appellant/Plaintiff

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

## CERTIFICATE OF COMPLIANCE FOR BRIEFS

I am the attorney or self-represented party.

**This brief contains 2,843 words**. The brief's type size and typeface comply with Fed. R. App. P. 27 as it does not exceed 20 pages.

I certify that this brief complies with the word limit of Fed. R. App. P. 27.

**Signature** /s/ Gary W. Gorski     **Date** Saturday, June 3, 2023



## CERTIFICATE OF SERVICE

### Certificate of Service for Electronic Filing

**9th Cir. Case Number: 22−16897**

I hereby certify that I electronically filed the attached document on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Signature** /s/ *Gary W. Gorski*  **Date:** Saturday, June 3, 2023