22-16897

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**ARNOLD ABRERA,**

Plaintiff-Appellant,

**v.**

**GAVIN NEWSOM, et al.,**

Defendants-Appellees.

---

On Appeal from the United States District Court
for the Eastern District of California

No. 2:22-cv-01162-JAM-DB
The Honorable John A. Mendez, Judge

---

**DEFENDANTS-APPELLEES GAVIN
NEWSOM AND ROB BONTA'S MOTION TO
DISMISS REPLY BRIEF**

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney
General

ANTHONY P. O'BRIEN
Supervising Deputy Attorney General
State Bar No. 232650
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6002
Fax: (916) 324-8835
Email: Anthony.OBrien@doj.ca.gov
*Attorneys for Defendants and Appellees
Gavin Newsom, in his official capacity
as Governor of California, and Rob
Bonta, in his official capacity as
Attorney General of California*

## INTRODUCTION

The State Defendants-Appellees—Governor Gavin Newsom and Attorney General Rob Bonta—moved to dismiss the appeal of the district court's denial of a motion to preliminarily enjoin the fee-shifting provision contained in California Code of Civil Procedure section 1021.11,[1] in light of a final judgment issued by another court permanently enjoining the Governor, Attorney General, and anyone "in active concert or participation with them who receive actual notice of this injunction order" from using that fee-shifting provision in any action. *Miller v. Bonta*, No. 22-cv-1446-BEN-MDD, *South Bay Rod & Gun Club, Inc. v. Bonta*, No. 22-cv-1461-BEN-JLB, --- F. Supp. 3d. ----, (S.D. Cal. Mar. 20, 2023), Judgment, ¶ 4.[2]  As a result of that final judgment, Plaintiff-Appellant Arnold Abrera's appeal of the district court's denial of the preliminary injunction motion—which sought to enjoin use of section 1021.11—is moot and should be dismissed. *See generally*, Mot. to Dismiss at 5-8.

Abrera opposes the motion, arguing that his appeal "requests relief going to the *source of the harm*," Opp. at 2 (emphasis in original), including a "declaration that the statute was unconstitutional," *id.* at 8.  But Abrera appeals the denial of

---

[1] All subsequent statutory references are to the California Code of Civil Procedure, unless otherwise noted.

[2] A copy of the *Miller/South Bay* Judgment is attached as Exhibit A to the Motion to Dismiss, filed May 26, 2023 (Dkt. 39).

*preliminary injunctive* relief, Mot. to Dismiss at 2-3.  In any event, the final

judgment issued by the district court in the Southern District of California both

declares section 1021.11 unconstitutional and enjoins its use, eliminating the

source of Abrera's alleged harm.

Abrera also argues that his appeal is not moot because the final judgment in

*Miller/South Bay*, in his view, would not prevent the Local Defendants—the

County of Sacramento, former District Attorney Anne Marie Schubert, the City of

Elk Grove, Elk Grove Police Chief Bobby Davis, and Elk Grove City Attorney

Jonathan P. Hobbs—from using the fee-shifting provision in the future.  Opp. at 4.

Whether or not Abrera's reading of the final judgment is correct, Abrera did not

name those parties as subjects of his preliminary injunction motion and cannot

claim any fear about unnamed parties' future use of the statute as grounds to

maintain this appeal.  The Court should dismiss this appeal as moot.

## ARGUMENT

### I.   THE APPEAL IS MOOT BECAUSE OF THE FINAL JUDGMENT PERMANENTLY ENJOINING STATE DEFENDANTS FROM USING SECTION 1021.11

"To qualify as a case fit for federal-court adjudication, 'an actual controversy

must be extant at all stages of review.'"  *Arizonans for Official English v. Arizona*,

520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

Abrera appeals the denial of his motion to preliminarily enjoin enforcement of

section 1021.11.  Appellants' Excerpt of Record, filed Jan. 6, 2023 (Dkt. 9)-154

(ER-154).  But there is no longer any existing case or controversy concerning

Abrera's preliminary injunction motion.  Because of the final judgment in

*Miller/South Bay*, Abrera has received the only relief he requested in his

preliminary injunction motion, namely that the court "declare C.C.P. § 1021.11

unconstitutional, and enjoin enforcement of such law <u>as-applied</u>, and further <u>as-

written</u>."  ER-154 (emphasis in motion); *see also Miller*/*South Bay*, --- F. Supp. 3d.

----, Judgment, ¶ 4 (judgment declaring section 1021.11 unconstitutional and

permanently enjoining the Attorney General or Governor "from bringing any

action or motion under § 1021.11 to obtain an award of attorney's fees and

costs.").  As such, continued litigation over Abrera's motion for preliminary

injunction is moot and the Court should dismiss this appeal.  Mot. to Dismiss at 5-

7.

     In opposition, Abrera contends that his motion is not moot, because the

"source harm"—the possibility that the State Defendants could use section 1021.11

to seek attorney's fees against him—still allegedly persists.  Opp. at 2-3.  Abrera

argues, for example, that the State Defendants may "argue that the statute is still in

effect because the District Court [below] denied the request for [preliminary]

injunctive relief."  Opp. At 9.  That is simply untrue.  A final judgment prohibits

the State Defendants from "implementing or enforcing § 1021.11, as enacted by

S.B. 1327;" Abrera provides no basis for his position that the State Defendants may simply ignore that judicial order. *Miller/South Bay*, --- F. Supp. 3d. ----, Judgment, ¶ 4

Abrera also contends that one of the State Defendants' litigating positions in *Miller* was conditional, with the Attorney General offering only the commitment "not to seek attorney's fees . . . unless and until a court ultimately holds that the fee-shifting provision in section 5 of the Texas Senate Bill 8 is constitutional." Opp. at 5 (citing *Miller*, Def's' Opp. to Mot. for Prelim. Inj. (Oct. 31, 2022) (ECF. No. 22), emphasis omitted). This argument ignores the fact that the district court in *Miller* and *South Bay* permanently enjoined the Attorney General and Governor from using the fee-shifting provision *in any action* and without conditions. *See Miller/South Bay*, --- F. Supp. 3d. ----, Judgment, ¶ 4.[3]

Abrera argues that the appeal is not moot because the existence of "parallel proceedings" in separate courts does not "oust either of them" of jurisdiction. See Opp. at 9-11. But the appeal does not present the circumstance of "parallel proceedings." Rather, the case presents a circumstance involving a final non-appealable judgment that grants Abrera all the relief he could seek in a preliminary

---

[3] In denying Abrera's preliminary injunction motion, the district court below also observed that principles of judicial estoppel would bind the Governor and Attorney General to their pledge not to use section 1021.11 in this matter. ER-8; *see also* Ans. Br., filed Feb. 3, 2023, (Dkt. 21) at 7-8.

injunction motion. As this Court has observed, "Relief from another tribunal can moot an action." *Sea-Land Service, Inc. v. Int'l Longshoremen's and Warehousemen's Union*, 939 F.2d 866, 870 (9th Cir. 1991); *see also Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1253–54 (9th Cir.1984) (decision by California Court of Appeal mooted petitioner's request for injunctive relief in federal district court). Here, the final judgment declaring section 1021.11 unconstitutional and permanently enjoining the State Defendants from using the law (*Miller/South Bay*, Judgment ¶ 4) provides all that Abrera could seek in his preliminary injunction motion (and more). *See* ER-154 (motion seeking to "to enjoin enforcement of [section 1021.11] <u>as-applied</u> and further <u>as-written</u>") (emphasis in original).

Abrera cites a district court case to support his position that the appeal is not moot. Opp. at 9 (citing *California v. Health and Human Services*, 390 F.Supp.3d 1061, 1065-66 (N.D. Cal. 2019)). But the case cited by Abrera does not help him in this matter. The Ninth Circuit's decision there describes the preliminary injunction posture of the parallel decision in Pennsylvania, which "like all preliminary injunctions, [is] of limited duration." *California v. U.S. Dep't. of Health & Human Services*, 941 F.3d 410, 423 (9th Cir. 2019) (cert. granted, judgment vacated on other grounds by *Little Sisters of Poor Jeanne Jugan Residence v. California*, 141 S.Ct. 192 (Mem.) (U.S. July 9, 2020)). In contrast, the injunction that moots this appeal is a permanent injunction contained in a final

judgment. (*Miller/South Bay*, Judgment ¶ 4). Because the *Miller/South Bay* judgment enjoined use of section 1021.11 in any action, there is no effective relief that Abrera can seek through his motion or this appeal. *See Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1016-17 (9th Cir. 2012) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed").

Finally, Abrera argues that the final judgment in *Miller* and *South Bay* does not moot this appeal because the Local Defendants were not "part of the proceedings in the Southern District of California." Opp. 10. But even if that accurately described the breadth of the final judgment, Abrera did not seek relief with respect to the Local Defendants in his motion for a preliminary injunction. *See* ER-151 (naming only Governor Newsom and Attorney General Bonta as defendants in the preliminary injunction motion). He therefore cannot point to any concern about the Local Defendants' ability (or inability) to invoke section 1021.11 as a basis for arguing that his appeal of the motion for preliminary injunction is not moot.

/ / /

/ / /

7

## CONCLUSION

The Court should dismiss this appeal as moot.

Dated:  June 12, 2023                    Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Anthony P. O'Brien*

ANTHONY P. O'BRIEN
Supervising Deputy Attorney General
*Attorneys for Defendants and Appellees*
*Gavin Newsom, in his official capacity*
*as Governor of California, and Rob*
*Bonta, in his official capacity as*
*Attorney General of California*

8

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 27 because it contains 1,389 words and was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally-spaced typeface.

Dated:  June 12, 2023                    Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General


*/s/ Anthony P. O'Brien*

ANTHONY P. O'BRIEN
Supervising Deputy Attorney General
*Attorneys for Defendants and Appellees*
*Gavin Newsom, in his official capacity*
*as Governor of California, and Rob*
*Bonta, in his official capacity as*
*Attorney General of California*

SA2022305564
37259015.docx

9

# CERTIFICATE OF SERVICE

Case Name: **Abrera, Arnold v. Gavin Newsom, et al.**  No. **22-16897**

I hereby certify that on <u>June 12, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS-APPELLEES GAVIN NEWSOM AND ROB BONTA'S MOTION TO DISMISS REPLY BRIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 12, 2023</u>, at Sacramento, California.

| Eileen A. Ennis | */s/ Eileen A. Ennis* |
|:---:|:---:|
| Declarant | Signature |

SA2022305564
37257350.docx